```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**CURTIS J. NEELEY, JR.**                                          PLAINTIFF

    v.      No. 13-5293

**FEDERAL COMMUNICATIONS COMMISSIONERS;**
**U.S. REPRESENTATIVES; JOHN BOEHNER, et al.;**
**U.S. SENATORS; JOE BIDEN, et al.;**
**U.S. ATTORNEY GENERAL, ERIC HOLDER ESQ.;**
**MICROSOFT CORPORATION; and GOOGLE INC.**                         DEFENDANTS

<u>O R D E R</u>

  Now on this 15th day of January 2014, comes on for consideration the following motions:

  * plaintiff's **Motion for Honorable Justice Jimm Larry Hendren to Consider Recusing** (document #5), and

  * defendant Microsoft Corporation's (Microsoft's) **Motion to Dismiss** (document #10).

  The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

  1. Plaintiff filed this suit on December 16, 2013, alleging various claims regarding privacy in wire communications and the broadcasting of materials unsuitable for children and others. The filing came four days after the Court denied reconsideration of an order denying plaintiff leave to file an essentially identical pro se complaint. See <u>Neeley v. Federal Communications Commission, et al.</u>, Case No. 5:13-mc-66.

  2. On January 3, 2014, plaintiff filed a motion seeking the undersigned's recusal. In it, plaintiff contends that the

undersigned's age limits his ability to understand the technologies involved in this lawsuit.

3. A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned. **28 U.S.C. § 455(a).** Listed in **28 U.S.C. § 455(b)** are several specific circumstances in which a judge should recuse, including personal bias or prejudice concerning a party; personal knowledge of disputed evidentiary facts concerning the proceeding; or financial interest in the subject matter in controversy, among others. None of those circumstances are implicated here. Accordingly, plaintiff's motion will be denied.

4. Also pending is Microsoft's motion to dismiss. Microsoft argues that the filing of this lawsuit violates the Court's February 15, 2013 injunction requiring plaintiff to obtain the Court's permission before filing another pro se complaint related to previously litigated events. The Court agrees and, in fact, has already denied plaintiff permission to file a pro se complaint based on these same claims. Neeley v. Federal Communications Commission, et al., Case No. 5:13-mc-66. Therefore, Microsoft's motion will be granted.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion for Honorable Justice Jimm Larry Hendren to Consider Recusing** (document #5) is hereby **denied.**

**IT IS FURTHER ORDERED** that defendant Microsoft Corporation's

**Motion to Dismiss** (document #10) is hereby **granted,** and this case is **dismissed.**

    **IT IS SO ORDERED.**

                                                     /s/ Jimm Larry Hendren
                                                  **JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**